## J. F. LAKE v. STATE.

No. A-4134. Opinion Filed Oct. 13, 1923.

(218 Pac. 899.)

(Syllabus.)

1. **Disorderly House—Direct and Circumstantial Evidence—Character and Reputation.** Direct and circumstantial evidence may be introduced to establish the fact that a place is a disorderly house, and such evidence may be supplemented by proof of its character and reputation.

2. **Same—Sufficiency of Information and Evidence.** The information states but one offense, and the proof held sufficient to sustain the charge.

Appeal from District Court, Pottawatomie County; Clarence Robison, Judge.

J. F. Lake was convicted of maintaining a disorderly house, and he appeals. Affirmed.

Joe M. Adams and W. L. Chapman, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. J. F. Lake, plaintiff in error, for convenience referred to herein as the defendant, was by verdict of a jury rendered July 20, 1921, found guilty of maintaining a disorderly house, as charged in the information, and his punishment assessed at a fine of $500. From the judgment on the verdict, he appeals.

The testimony indicates that the defendant was the owner and manager of a rooming house in Shawnee, Okla., where persons habitually lodged and visitors congregated for lewd and immoral purposes. The information was based on section 1890, Comp. Stat. 1921, which provides that it shall be an offense for any person to keep a bawdy house, house of ill fame, of assignation, or of prostitution, or any other house

or place, for persons to visit for unlawful sexual purposes, or for any lewd, obscene, or indecent purpose. The information charged that the defendant was the proprietor of the Waller Rooming House, and that in its operation he knowingly permitted lewd men and women to gather and congregate together in this house for lewd purposes, and that he aided and abetted the frequenters in carrying out such purposes, and that he kept in this house regular roomers who pursued this unlawful business.

The defendant says that the complaint charged more than one offense. Based upon what has been said, we hold that the offenses charged come within the purview of the statute, and that the information charges but a single offense. The statute is leveled at all the things named therein, and the acts charged sufficiently apprised the defendant of the nature of the accusation within the meaning of the statute.

The complaint was sworn to before Clarence Robison, without designating his official title; the record shows that the trial was held before Clarence Robison, county judge. Public officers are presumed to perform their official duties as provided by law, and the presumption therefore follows that the complaint was sworn to before an officer authorized to administer an oath to such complaint, and that the Clarence Robison before whom oath and complaint were made was the same Clarence Robison who, as county judge, tried the case.

Defendant urges that the court erred in admitting incompetent testimony. The gist of this offense is the keeping and use of the place for immoral purposes, amounting to a nuisance, and not its reputation. The state, to support the charge, may show as a fact, by direct or circumstantial evidence, that the place kept was a disorderly house. Sup-

plementing facts and circumstances indicating that fact, the state may show the character of the place by its general reputation. Applying these tests to the proof here, as shown by the record, by the testimony of eyewitnesses to the conduct of its inmates carried on with the knowledge and apparent approval of the defendant, indicating that the place was a disorderly house within the meaning of the statute, and the proof tending to show that numerous females had been apprehended at this place and taken to the clinic for the cure of venereal diseases, together with the general reputation of the place—all considered together, there is ample proof to sustain the verdict. 9. R. C. L. "Disorderly Houses," §§ 4, 10, 11.

MATSON, P. J., and DOYLE, J., concur.